| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

JIMMY AYALA,

                Petitioner,

– against –

WILLIAM LEE,

                Respondent.

**CORRECTED**
**MEMORANDUM & ORDER**

12-CV-0618 (ERK)

KORMAN, J.:

    I assume familiarity with the underlying history of this case. Briefly, petitioner was convicted after a trial by jury of Burglary in the First Degree, and was sentenced as a second-felony offender to a prison term of twenty-five years. The evidence against petitioner is set forth in the Appellate Division briefs of both parties as follows:

> On October 3, 2006, at about 5:30 a.m., at 170 South Second Street, in Brooklyn, New York, defendant Jimmy Ayala burglarized Sheridan Roberts' apartment: he climbed into the apartment through the bedroom window, and threatened to "pop" the occupant, Susan Tarbet, who was staying there and caring for Ms. Roberts' cats. Defendant pressed a sharp object against the back of Ms. Tarbet's neck, and stole property. Meanwhile, a neighbor, Angi Kuhn, saw defendant climb into the apartment window and called the police, who saw defendant flee from the apartment, and gave chase; within minutes, the police found defendant hiding under a car with Ms. Roberts' stolen property and two knives in his pockets. In addition, Ms. Tarbet identified the ski mask and gloves that defendant dropped while being chased as those worn by the burglar. Defendant was arrested.

Resp't's Br. to the Appellate Division 2-17, ECF No. 6-2 (Page ID #829-844); *see also* Def.'s Br. to the Appellate Division 3-16, ECF No. 6-2 (Page ID #792-805). Petitioner raises three issues here.

    1. Petitioner challenges the trial judge's ruling that, if he were to testify as a witness on his own behalf, he could be cross examined regarding various aspects of his criminal record. On

1

appeal, the Appellate Division held that petitioner's argument in this regard was unpreserved and without merit. *People v. Ayala*, 69 A.D.3d 869, 869-70 (N.Y. App. Div. 2010). Petitioner's claim here fails for yet another reason. Specifically, petitioner did not take the stand and was never cross examined about the prior bad acts or convictions. Under these circumstances, petitioner cannot raise the issue here. *See Luce v. United States*, 469 U.S. 38, 41 (1984); *see also Carroll v. Hoke*, 695 F. Supp. 1435, 1439-40 (E.D.N.Y. 1988), *aff'd*, 880 F.2d 1318 (2d Cir. 1989).

 2. Petitioner challenges the propriety of the prosecutor's summation. The Appellate Division held that petitioner's argument in this regard was unpreserved and without merit. *Ayala*, 69 A.D.3d at 869. Petitioner's claim fails for yet another reason. The evidence against him was overwhelming, as he recognizes in his third argument based on the failure of his trial counsel to sufficiently bring home to him the stupidity of going to trial in a case in which "[p]etitioner here was caught pretty much red-handed." Pet. for a Writ of Habeas Corpus 9.

 3. Notwithstanding the nature of the evidence against him, petitioner testified before the grand jury that he was innocent. Aff. in Opp'n to Pet. for a Writ of Habeas Corpus of Jodi L. Mandel ¶ 11 n.3 ("Mandel Aff."), ECF No. 6 (Page ID #28-29). Moreover, he at least twice rejected a plea offer that would have limited his exposure to five years in prison— in each instance insisting that he was not guilty. Mandel ¶ 11; Hr'g Tr. 9-10 Oct. 31, 2007, ECF No. 6-1 (Page ID #116-17). Petitioner likewise was advised of the sentence that he faced by both his attorney and the trial judge. Mandel ¶ 11; Hr'g Tr. 8-10 Oct. 31, 2007, ECF No. 6-1 (Page ID #115-17). Moreover, when he moved to vacate his conviction he did not allege that his attorney failed to advise him to plead guilty. Instead, in his affidavit in support of his motion to vacate his conviction, petitioner alleged that his attorney never told him that "a guilty verdict was certain as the sun is up in the sky. Had I been told that I was going to be found guilty I would

have taken the 5 years . . . ." Aff. of Jimmy Ayala ("Ayala Aff."), ECF No. 6-2 (Page ID #887). In his petition here, petitioner likewise does not argue that his attorney failed to advise him to plead guilty. Instead he claims that "[c]ounsel should have stressed to [him] that a 5 year plea was a whole a lot better than 25 years because a trial meant a sure 25 flat or . . . withdraw from the case as taking this case to a trial was a sham, a lie and only suicide." Pet. for a Writ of Habeas Corpus 9, ECF No. 1 (Page ID #8).

Petitioner's motion to vacate his conviction was denied in a written opinion. Decision & Order 5, Oct. 24, 2011, ECF No. 6-2 (Page ID #931-36). The principal basis for denial of the motion is summarized in two paragraphs of the opinion. First, the trial judge observed:

> The evidence against defendant, including the identification of him by police and the stolen property recovered from him after a foot chase was so overwhelming that the likelihood of conviction at trial, without a plausible defense, was readily apparent. Though counsel knew the strength of the evidence against defendant he nevertheless could not inform defendant that conviction was a certainty. Such advice would have been coercive, as the decision whether to plead guilty ultimately rests with the defendant (*see Jones v. Barnes*, 463 U.S. 745 (1983); *People v. White*, 73 N.Y.2d 468 (1989)). Defendant's bare bones claim fails to elaborate upon his conversations with counsel and, without more, cannot establish that counsel's representation was less than meaningful.

Decision & Order 5, Oct. 24, 2011, ECF No. 6-2 (Page ID #935). Second, she observed:

> The record also reflects counsel advocated vigorously on defendant's behalf. Most notably, after he took over defendant's case he successfully negotiated to re-submit to defendant the five-year plea offer after it had been withdrawn. Counsel met his obligation to convey this offer to defendant but defendant rejected it. It was only through counsel's persistent efforts that defendant had the opportunity to take a very favorable plea. That counsel was ultimately unsuccessful in convincing defendant to accept the plea offer is no reflection on his performance but rather a result of defendant's insistence that he was innocent.

Decision & Order 5-6, Oct. 24, 2011, ECF No. 6-2 (Page ID #935-36).

The trial judge's rejection of petitioner's claim did not constitute an unreasonable application of clearly established Supreme Court law. The Supreme Court has not expressly held that failure of counsel to advise a defendant to accept a plea of guilty violates the Sixth

3

Amendment. Nevertheless, it would be an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), the seminal case defining the obligations of a defense attorney, to hold otherwise. Indeed, in *Lafler v. Cooper*, the Supreme Court held that, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence." 132 S. Ct. 1376, 1387 (2012). The holding in *Lafler* that a defendant was entitled to habeas corpus relief when his attorney erroneously advised him to reject a favorable plea offer has been held to involve no more than a reasonable application of *Strickland*. *Gallagher v. United States*, 711 F.3d 315 (2d Cir. 2013).

This is not to suggest, however, that there is "a per se rule that defense counsel must always expressly advise the defendant whether to take a plea offer," for this is not the case. 5 Wayne R. LaFave, Jerold H. Israel, Nancy J. King & Orin S. Kerr, *Criminal Procedure* § 21.3(b) (3d ed. 2007) (quoting *Purdy v. United States*, 208 F.3d 41, 48 (2d Cir. 2000)). Especially in the case of a defendant who had made "steadfast protestations of innocence," the necessity that the attorney "steer[ ] a course between the Scylla of inadequate advice and the Charybdis of coercing a plea" will sometimes make it advisable for the defense attorney to convey all the relevant facts (e.g., plea offer, strength of prosecution's case, likely sentence if convicted) to the defendant without adding "an explicit opinion as to whether a client should take a plea offer." *Id*. (quoting *Purdy*, 208 F.3d at 45-48).

The present case is one in which petitioner repeatedly rejected favorable plea offers because he claimed that he was innocent. Indeed, as noted above, he so testified before the grand jury. Significantly, petitioner's claim here, however, is not that counsel failed to advise him to take the plea. Rather, his complaint is that counsel was ineffective because did not sufficiently

pressure him to take the plea. Under the circumstances here, this claim cannot provide the basis for habeas corpus relief under the AEDPA standard.

The Supreme Court has held that that the question in a case challenging the effectiveness of counsel "is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citation omitted). Indeed, it has held that "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is even more difficult, since both standards are 'highly deferential,' and since *Strickland's* general standard has a substantial range of reasonable applications." *Id*. (citation omitted). Finally, it has warned:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id*.

In the present case, it is conceded that the defendant was advised of the plea offer and the severe sentencing consequences he faced if he was convicted after trial. Similarly, if only because he was present at a hearing to suppress the stolen property that was seized from him, *see* Hr'g Tr. 45-47 Aug. 28, 2007, ECF No. 6-1 (Page ID #105-07), he had to be aware of the compelling nature of the evidence against him. Indeed, to use his own words, his defense at trial was an affront to the "common sense" of the jury. Ayala Aff., ECF No. 6-2 (Page ID #887). Moreover, as the trial judge observed, "the record also reflects [that] after [trial counsel] took over defendant's case he successfully negotiated to re-submit to defendant the five-year plea offer after it had been withdrawn." Decision & Order 5, Oct. 24, 2011, ECF No. 6-2 (Page ID #935). And "[i]t was only through counsel's persistent efforts that defendant had the opportunity

5

to take a very favorable plea. That counsel was ultimately unsuccessful in convincing defendant to accept the plea offer is no reflection on his performance but rather a result of defendant's insistence that he was innocent." Decision & Order 5-6, Oct. 24, 2011, ECF No. 6-2 (Page ID #935-36). This description hardly bespeaks of incompetence. Nor am I able say that the trial judge's conclusion that the failure of counsel to pressure the defendant to plead guilty, as opposed to advising him to plead guilty, constituted an unreasonable application of *Strickland*. This is particularly true in a case in which petitioner repeatedly rejected extremely favorable plea offers because he asserted that he was innocent. *See Purdy v. United States*, 208 F.3d 41, 46 (2d Cir. 2000).

## CONCLUSION

The petition for a writ of habeas corpus is denied. I also decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
August 6, 2014

/s/
Edward R. Korman
Senior United States District Judge